968 F.2d 20
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Sontana J. HECKERT, Plaintiff-Appellant,
v.
The FIRESTONE TIRE AND RUBBER COMPANY, Defendant-Appellee.
 NO. 90-6417.
 United States Court of Appeals, Tenth Circuit.
 June 25, 1992.
 
 1
 Before STEPHEN H. ANDERSON and BALDOCK, Circuit Judges, and CONWAY,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 JOHN E. CONWAY, District Judge, Sitting by Designation.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Plaintiff appeals the entry of adverse judgment on her claims of sexual harassment, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and intentional infliction of emotional distress. The trial of the two claims was bifurcated. The jury returned a verdict for Defendant on the intentional infliction of emotional distress claim; the district court found in favor of Defendant at the close of Plaintiff's Title VII case in chief. Plaintiff raises three arguments on appeal: (1) she established and proved sexual harassment; (2) the actions of Defendant's supervisors are Defendant's actions; and (3) she had a right to jury trial on all issues common to the sexual harassment and emotional distress claims. We affirm.
 
 I.
 
 6
 Plaintiff first argues that she proved a claim of sexual harassment. The district court, after hearing Plaintiff's evidence, determined there was insufficient evidence of sexual harassment. Accordingly, the district court dismissed the claim.
 
 
 7
 There are two forms of sexual harassment which violate Title VII: quid pro quo sexual harassment and hostile environment sexual harassment. Hicks v. Gates Rubber Co., 833 F.2d 1406, 1413 (10th Cir.1987). Plaintiff alleged that she suffered from both types.
 
 A.
 
 8
 "Quid pro quo harassment occurs when submission to sexual conduct is made a condition of concrete employment benefits." Id. Additionally, quid pro quo harassment may occur when adverse job consequences result from refusal to submit to sexual conduct. Id. at 1414. The record in this case does not indicate that Plaintiff's employment in any way was conditioned upon her submission to sexual conduct with any employee of Defendant or was adversely affected. The district court did not err in finding no quid pro quo sexual harassment.
 
 B.
 
 9
 Hostile work environment sexual harassment occurs when conduct unreasonably interferes with an individual's work performance or creates an intimidating, hostile, or offensive working environment. Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 65 (1986). "For sexual harassment to be actionable, it must be sufficiently severe or pervasive 'to alter the conditions of [the victim's] employment and create an abusive working environment.' " Id. at 67 (quoting Henson v. City of Dundee, 682 F.2d 897, 904 (11th Cir.1982)). "Whether the sexual conduct complained of is sufficiently pervasive to create a hostile or offensive work environment must be determined from the totality of the circumstances." Hicks, 833 F.2d at 1413.
 
 
 10
 Plaintiff contends that under the totality of the circumstances her unequal treatment need not have sexual overtones to be sexually harassing. Although we agree with Plaintiff's contention, as it is supported by the law of this circuit, see id. at 1415, we conclude that any unequal treatment to her was not due to sexual harassment.
 
 
 11
 Plaintiff also contends that incidents of sexual harassment directed at other female employees may be used to support her hostile environment claim. Plaintiff maintains the district court mistakenly believed that her hostile environment claim turned on adverse consequences. Evidence of a generally harassing work atmosphere, in addition to evidence specifically showing harassment of the plaintiff, is an important inquiry in evaluating hostile environment claims. Id. at 1415. Such evidence may be critical when the plaintiff cannot establish harassment without showing a discriminatory environment. Id. at 1415-16. "[I]ncidents involving employees other than the plaintiff are relevant in establishing a generally hostile work environment." Id. at 1416. The evidence of sexual harassment of other female employees along with Plaintiff's testimony of harassment to her was insufficient to prove hostile environment sexual harassment. The district court did not err in finding no hostile environment sexual harassment.
 
 II.
 
 12
 Plaintiff next argues that the acts of Defendant's supervising personnel are the acts of Defendant. Because Plaintiff failed to prove her sexual harassment claim, we need not reach the issue of whether Defendant is liable under agency principles. See Hicks v. Gates Rubber Co., 928 F.2d 966, 973 (10th Cir.1991).
 
 III.
 
 13
 Plaintiff finally argues that she had a right to trial by jury on the issues common to both the legal claim of intentional infliction of emotional distress and the equitable Title VII discrimination claim. The district court refused to permit Plaintiff to present evidence to the jury of unwelcome sexual advances to other female employees of Defendant. Plaintiff contends the bifurcation of the trial abrogated her right to a jury trial on the claim of intentional infliction of emotional distress, because the hostile environment evidence was necessary to prove the emotional and physical distress she sustained.
 
 
 14
 It is settled that where there is a jury trial of legal issues and a bench trial of equitable issues, any fact issues central to each must first be tried to the jury. Lytle v. Household Mfg., Inc., 494 U.S. 545, 550 (1990); Skinner v. Total Petroleum, Inc., 859 F.2d 1439, 1443 (10th Cir.1988). Any claims exclusively within the bounds of Title VII were not to be tried to a jury. See Snider v. Circle K Corp., 923 F.2d 1404, 1407 (10th Cir.1991).
 
 
 15
 In this case, the evidence, of sexual advances toward other female employees, which Plaintiff sought to include to support her claim of intentional infliction of emotional distress, was irrelevant to that claim. To recover in Oklahoma for intentional infliction of emotional distress, a plaintiff must prove the defendant's extreme and outrageous conduct intentionally or recklessly caused the plaintiff emotional distress. Pytlik v. Professional Resources, Ltd., 887 F.2d 1371, 1379 (10th Cir.1989). Extraordinary transgressions are required. Eddy v. Brown, 715 P.2d 74, 77 n. 6 (Okla.1986). Conduct toward other employees, such as that Plaintiff sought to present, would not have proven outrageous conduct toward Plaintiff.
 
 
 16
 Thus, the district court did not abuse its discretion in bifurcating the trial and excluding evidence of sexual advances toward other female employees during the jury trial. See Figures v. Board of Pub. Utils. of the City of Kan. City, --- F.2d ----, Nos. 90-3210, 90-3226, 90-3225, slip op. at 6 (10th Cir. May 7, 1992) (decision to exclude evidence within sound discretion of district court and will be reversed only for clear abuse of discretion); Polys v. Trans-Colorado Airlines, Inc., 941 F.2d 1404, 1407 (10th Cir.1991) (same); Thweatt v. Ontko, 814 F.2d 1466, 1470 (10th Cir.1987) (district court has discretion in conduct of trial, including presentation of evidence).
 
 
 17
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable John E. Conway, District Judge, United States District Court for the District of New Mexico, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3