Stacy L. ZAHORSKY, Appellant,

v.

COMMUNITY NATIONAL BANK OF
ALVA, Oklahoma, Appellee,

and

Roger Swanwick, Defendant.

No. 80046.

Court of Appeals of Oklahoma,
Division No. 1.

June 28, 1994.

Certiorari Denied Oct. 4, 1994.

Robert Stormont, Oklahoma City, for appellant.

Michael L. Darrah, Brently C. Olson, Oklahoma City, and Edward E. Sutter, Alva, for appellees.

### MEMORANDUM OPINION

JONES, Judge:

Appellant seeks review of an order granting summary judgment to Appellee, Community National Bank of Alva, Oklahoma. Appellant, a former employee of Appellee Bank, asserted claims of intentional infliction of emotional distress and wrongful termination. A claim for sexual harassment was abandoned.[1] Partial summary judgment was granted to Co–Defendant, Roger Swanwick, but claims against him have been dismissed and he is not a party to this appeal.

Appellant was an "at-will" employee of Community National Bank of Alva where she worked primarily as a secretary for Roger Swanwick and Larry Harmon, both bank Vice–Presidents. In the latter half of 1988, Appellant claims Roger Swanwick forced her to have sex with him against her will at least seven times. These instances occurred in the Bank, at her home and at his home. She says he threatened to fire her if she told anyone. She did not tell anyone of these incidents until the end of December, 1988, when she told her husband.

On January 1, 1989, Appellant's husband confronted Swanwick. Swanwick admitted to the relationship but agreed to terminate it. On January 9, 1989, Appellant told bank President, Terry Ross, of the situation. Although the last incident of unwelcome physical contact by Swanwick occurred toward the end of January, Appellant's affidavit recounted several subsequent incidents of inappropriate conduct and remarks by Swanwick.

On September 11, 1989, bank President, Ross, terminated Appellant due to typographical errors and the mis-filing of documents that could have caused the bank large financial losses.

### STANDARD OF REVIEW

In reviewing a grant of summary judgment this Court will review the pleadings and evidentiary materials submitted to the trial court and view all the inferences and conclusions that can be drawn therefrom in the light most favorable to Appellant. *Johnson v. Mid–South Sports Inc.*, 806 P.2d 1107 (Okl.1991). We must reverse the grant of summary judgment if the materials submitted to the trial court indicate a substantial controversy exists as to material facts. *Id.* at 1108.

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The law in Oklahoma is well settled on this tort of outrage. One may be subject to liability if he, by extreme and outrageous conduct, intentionally or recklessly causes severe emotional distress to another. Furthermore, it is the trial court's responsibility initially to determine whether the defendant's conduct may reasonably be regarded

1. Previous to the filing of her state court action, Appellant filed a federal complaint against the same defendants alleging sexual discrimination in violation of 42 U.S.C. § 2000(e) et seq. and state law. When this state action was filed several weeks later, a similar claim for sexual discrimination was included. Appellant has conceded that these sexual discrimination claims are barred by the applicable statutes of limitation including, *inter alia,* the requirement that suit be brought within 90 days of receipt of the "Notice of Right to Sue" from the EEOC.

Both claims which were not conceded (intentional infliction of emotional distress and wrongful termination) were based on the same underlying set of facts as the sexual harassment claim which is admittedly barred. Appellant has attempted in this state action to assert the same barred cause of action disguised as unique and independent tort claims.

as sufficiently extreme and outrageous to meet these standards. *Breeden v. League Services Corp.*, 575 P.2d 1374 (Okl.1978); *Eddy v. Brown*, 715 P.2d 74 (Okl.1986).

■ Appellant argues that the outrageous conduct of the Bank was its failure to take disciplinary action against Swanwick. There might be some merit to this argument had there been any evidence that Bank had some actual or constructive knowledge of Swanwick's actions toward Appellant, or his likelihood to commit such acts, at some time other than after they occurred. Furthermore, once the bank President was informed of the situation between Appellant and Swanwick, although Swanwick's employment continued, the record does not reflect whether he was disciplined or not. There are no acts of Appellee Bank which could possibly be regarded as so outrageous as to be actionable.

The acts of Swanwick, however, are a different matter. He was denied summary judgment on the tort of outrage claim. Because he was subsequently dismissed from the case and is not a party to this appeal, we need not address whether his acts were actionable under this theory. We also need not address whether Bank can be vicariously liable for Swanwick's acts. Appellant does *not* contend that Bank is vicariously liable and in fact, specifically informed the trial court that her claim against the Bank was *not* based on respondeat superior. The trial court did not err in granting summary judgment on this claim.

### WRONGFUL TERMINATION

■ The other theory of recovery asserted by Appellant in the trial court was wrongful termination. She was a terminable-at-will employee and contends her discharge falls under the public policy exception to the terminable-at-will doctrine. See *Hinson v. Cameron*, 742 P.2d 549 (Okl.1987); *Burk v. K–Mart Corp.*, 770 P.2d 24 (Okl.1989). Appellant argues primarily that she was discharged as a result of sex discrimination and that there is a clear public policy against sex discrimination in the workplace as articulated in 25 O.S. § 1302. She cites *Tate v. Browning-Ferris, Inc.*, 833 P.2d 1218 (Okl.1992), which holds the public policy exception to the

at-will termination rule to be applicable to termination due to racial discrimination.

The Oklahoma Supreme Court has yet to rule on whether, after a litigant has a tort claim for sexual discrimination under the public policy exception, 42 U.S.C. § 2000(e) claim has been barred by the statute of limitations.

Surely there was evidence of sexual harassment by Swanwick. However, Appellant was terminated by the bank President, Terry Ross, the only person with authority to fire her. Appellant produced no evidentiary material from which it may be reasonably inferred that her termination was in any way connected with that alleged harassment.

In 1989, because Appellant felt she could not get a fair evaluation from Swanwick, Mr. Ross let her other supervisor, Larry Harmon, evaluate her job performance. In May, July and August, Mr. Ross and senior secretary, Charla Chegwidden, counseled Appellant about tardiness, excessive non-work related visiting and typographical errors. The evidence presented to the trial court was that Appellant was fired due to typographical errors and the mis-filing of documents that could have caused the Bank large financial losses. There was no evidence that Appellant was fired due to sexual discrimination.

Appellant tries to plug this evidentiary hole by arguing that Bank breached an agreement to employ her during a two week probationary period. Before she was discharged Appellant was placed on probation for two weeks. She was fired before the two week period ended. Not only is this not evidence of sexual discrimination, there was no contractual agreement to begin with as there was an absence of any evidence that Appellant gave some consideration in return for a guaranteed additional two weeks of employment.

It is a leap of faith, unsupported by any evidence, direct or circumstantial, that the bank President fired Appellant because of a motive of sexual discrimination. As the evidence is entirely lacking the trial court did not err in granting summary judgment on this claim.

## NEGLIGENCE

■ Appellant briefed the proposition that Bank was negligent in failing to terminate the employment of Swanwick. This issue, however, was not presented to the trial court. At the trial court's hearing on the Motion for Summary Judgment, Appellant's counsel confirmed to the trial court on the record that his only two causes of action were the tort of outrage and wrongful termination. Our review is limited to the issues actually presented to the trial court. *Frey v. Independence Fire & Cas. Co.,* 698 P.2d 17 (Okl.1985). An issue may not be raised on appeal that was not before the trial court. Id.

## STATUTE OF LIMITATIONS

Appellee alleges Plaintiff's claims to be barred by the statute of limitations. This issue *was* presented to the trial court. However, because we affirm the trial court's decision on grounds other than the statute of limitations, we need not address this issue.

■ Finally, Appellant contends the trial court erred because of the trial judge's statement that the test he used to decide the summary judgment motion was whether there was "any credible evidence to support the plaintiff's case". We agree that is not the correct standard to apply. However, we may substitute our analysis for that of the trial court and affirm the granting of summary judgment if any proper ground exists to support the ruling. See *Mosites Co. v. Aetna Cas. and Sur. Co.,* 545 P.2d 746 (Okl. 1976); *Loffland Bros. Co. v. Overstreet,* 758 P.2d 813 (Okl.1988). Our review of the record before the trial court reveals no substantial controversy as to any material fact and the order granting summary judgment is therefore affirmed.

AFFIRMED.

ADAMS, J., concurs.

HANSEN, J., dissents.