**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 13 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT L. JACOBS, an individual,

    Plaintiff - Appellant,

v.

DELTA AIR LINES, INC., a foreign
corporation,

    Defendant - Appellee.

Nos. 97-6100 & 97-6143
(D.C. No. CIV-96-544-C)
(Western District of Oklahoma)

**ORDER AND JUDGMENT** [*]

Before **PORFILIO** , **MAGILL** [**] and **LUCERO** , Circuit Judges.

    This appeal arises from a lawsuit filed by Robert Jacobs against his former

employer, Delta Airlines, Inc. ("Delta"). Plaintiff asserts that Delta: (1) breached

its employment contract with him by terminating his employment without an

investigation; (2) discharged him on the basis of age, in violation of both the Age

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable Frank J. Magill, Senior Circuit Judge for the United
States Court of Appeals for the Eighth Circuit, sitting by designation.

Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, and Oklahoma public policy; (3) defamed him; and (4) intentionally inflicted emotional distress and mental anguish. The district court granted summary judgment to Delta on all claims. We take jurisdiction pursuant to 28 U.S.C. § 1291, and affirm. [1]

## I

In October 1995, three female Delta employees complained to Delta about Jacobs, a Delta supervisor at the Oklahoma City airport. The allegations indicated that Jacobs had made inappropriate sexual comments to them in the workplace, and had hugged and kissed them. In addition, one of the employees (and a subordinate of Jacobs's) recounted having been asked by plaintiff to meet him for an evaluation in his office. She recalled that he closed the door behind them. According to her statement, Jacobs then informed her that he was on his way to play golf and proceeded to undress in front of her. After changing his shirt and pants, he left without providing the evaluation.

In response to these complaints, David Maynard, the Oklahoma City station manager, met with the three women to discuss their allegations. Shortly thereafter, Jacobs was asked to attend a meeting at Delta's headquarters in

---

[1] Because we conclude defendant remains the "prevailing party," we also affirm the district court's decision to award costs to Delta pursuant to Fed. R. Civ. P. 54(d)(1).

Atlanta. At that meeting Jacobs was informed of the allegations against him and was instructed not to discuss the matter with other Delta employees. After requesting an opportunity to respond to the allegations, Jacobs submitted a letter to Delta admitting that he had undressed in front of a subordinate, but contending that she had refused to leave and had turned her head. Delta subsequently learned that Jacobs had discussed the allegations, contrary to its instructions, with two co-workers. Jacobs was terminated for conduct unbecoming a Delta employee.

## II

Jacobs contends that his termination breached an employment contract with Delta. Although Oklahoma follows the "employment-at-will" doctrine, it is well established that an express or implied contract restricting an employer's power to terminate can alter the employment relationship. See Black v. Baker Oil Tools, Inc., 107 F.3d 1457, 1461 (10th Cir. 1997). Jacobs asserts that Delta's personnel manuals constitute such a contract. According to plaintiff, because the manuals provide that an investigation is required prior to the termination of an employee, and because he contends no investigation was conducted, the district court erred in granting summary judgment on this claim. We disagree.

Even assuming, for the purposes of this appeal, that the proffered personnel manuals impose a contractual requirement on Delta to conduct an investigation

prior to terminating its employees, there is no genuine dispute that Delta complied with that obligation before terminating Jacobs.

Jacobs's allegation that Delta failed to conduct an investigation is belied by his own admissions. Plaintiff does not contest that, after receiving notice of the allegations, David Maynard contacted the three women to arrange a meeting. Nor does he contest that, prior to the meeting, Maynard contacted his supervisor in Atlanta for instructions and was told to "take notes." Appellant's App. at 768. Jacobs does not dispute that Maynard met with the three female employees, faxed his notes from the meeting to the regional manager, and subsequently received written statements from the women which were also faxed to the regional manager. It is undisputed that Jacobs met with managers in Atlanta to discuss the allegations and that he was afforded the opportunity to submit a statement in response to those allegations. Jacobs admits that he changed clothing in front of a female subordinate, see id. at 501, and concedes that "[s]ome other discipline might have been appropriate." Appellant's Reply Br. at 5.

It is clear to us that, notwithstanding Jacobs's characterization of Delta's actions, an investigation did take place prior to Delta's decision to terminate plaintiff. We therefore must construe Jacobs's claim to be that Delta did not *thoroughly* investigate the allegations. However, he points us to no case law or alleged contractual language entitling him to a more detailed procedure than the

one he admittedly received.  Given that Jacobs concedes that this conduct merited, if not termination, some disciplinary action by Delta, we conclude Delta was under no obligation to conduct a more expansive investigation than the one it did.

## II

Jacobs next claims that the district court erred by granting summary judgment to Delta on his claims of age discrimination.  The district court concluded that his ADEA claim failed because Jacobs could not meet his burden of demonstrating that Delta's proffered reason for discharging him was pretextual and his public policy claim failed because it is not cognizable under Oklahoma law.  We agree.

Because plaintiff offers no evidence directly establishing that Delta discharged him based on his age, his claim is subject to the burden-shifting framework laid out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Cone v. Longmont United Hosp. Ass'n, 14 F.3d 526, 529 (10th Cir. 1994). Under that test:

> First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination.  Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection."  Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981) (quoting and citing McDonnell Douglas, 411 U.S. at 802, 804). Delta does not dispute that Jacobs properly set forth a prima facie case of discrimination.

By asserting that it terminated Jacobs for undressing in the presence of a female subordinate and for discussing the allegations against him after being requested not to, Delta has satisfied its step two burden of "articulat[ing] some legitimate, nondiscriminatory reason for the employee's rejection." McDonnell Douglas, 411 U.S. at 802. [2] It is therefore plaintiff's burden to "present enough evidence to support an inference that the employer's reason was merely pretext, by showing either 'that a discriminatory reason more likely motivated the employer or . . . that the employer's proffered explanation is unworthy of credence.'" Cone, 14 F.3d at 530 (quoting Burdine, 450 U.S. at 256).

Jacobs attempts to demonstrate that Delta's proffered reason is not worthy of belief by (1) noting that Delta was, at the time, undergoing a major cost-cutting

---

[2] Jacobs asserts that the district court erred in concluding that Delta had satisfied its burden of submitting a "legitimate, nondiscriminatory reason" for his discharge. He contends that, because Delta had no reason to fire him, the proffered reason cannot be legitimate. He misunderstands the nature of Delta's burden at the second step of McDonnell Douglas. "Step two only requires that the defendant explain its actions against the plaintiff in terms that are not facially prohibited by [the statute]." EEOC v. Flasher Co., 986 F.2d 1312, 1317 (10th Cir. 1992). "If that [facially nondiscriminatory] reason is applied only against [the protected class], has a disparate impact upon [the protected class], or is otherwise a sham, that comparative analysis occurs under step three where the plaintiff has the burden of proof." Id. at 1318 n.6.

initiative; (2) asserting that Delta failed to investigate the allegations against him; and (3) challenging the credibility of Delta and his accusers. None of these arguments succeeds. First, plaintiff's conclusory allegations that Delta's cost-cutting program was a pretext for age discrimination are insufficient to withstand summary judgment. See Branson v. Price River Coal Co., 853 F.2d 768, 772 (10th Cir. 1988) ("[P]laintiffs' mere conjecture that their employer's explanation is a pretext for intentional discrimination is an insufficient basis for denial of summary judgment."). Second, even assuming that Delta failed to investigate the harassment allegations thoroughly, this complaint challenges the process applied rather than Delta's purpose or motivation. See Ingels v. Thiokol Corp., 42 F.3d 616, 623 (10th Cir. 1994). There is thus no foundation for a finding of pretext. Finally, challenging the veracity of the allegations avoids the relevant inquiry—i.e., whether Delta believed them, and acted in good faith upon that belief in terminating him. See Waggoner v. City of Garland, 987 F.2d 1160, 1165 (5th Cir. 1993); Elrod v. Sears, Roebuck & Co., 939 F.2d 1466, 1470 (11th Cir. 1991). Jacobs presents no evidence indicating that Delta did not believe the allegations and our review of the record reveals no evidence that Delta did not act

in good faith.[3] Given that he admits to the core of the allegations, we discern no showing of pretext.

Jacobs's claim that Delta discriminated against him on account of his age in violation of public policy likewise fails. The Supreme Court of Oklahoma has concluded that, because of the availability of adequate statutory remedies, it will not recognize a common law claim for age discrimination. List v. Anchor Paint Mfg. Co., 910 P.2d 1011, 1014 (Okla. 1996). We see no reason to deviate from this holding.

### III

Plaintiff's defamation claim is based on two statements allegedly made by Delta representatives regarding the claims of sexual harassment against him. The first alleged statement was made to the Oklahoma Employment Security Commission ("OESC"). As a matter of law, however, when an employer provides the OESC with a reason for an employee's termination, "the communication is absolutely privileged and cannot be defamatory." Tatum v. Philip Morris Inc.,

---

[3] Jacobs also appears to claim that Delta's reliance on his violation of its directive not to discuss the allegations is pretextual because no other employee "suffered any negative consequences, much less termination, as a result of their discussions of the matter." Appellant's Br. at 34. Plaintiff, however, has presented no evidence that any other employees were told not to discuss the matter. This argument is therefore meritless. Cf. Flasher, 986 F.2d at 1318 n.6 (holding that plaintiff may establish pretext by showing defendant's reason applies only to members of the protected class).

809 F. Supp. 1452, 1472 (W.D. Okla. 1992), aff'd mem. , 16 F.3d 417 (10th Cir. 1993).

Evidence of the second statement is in the form of an affidavit of a former Delta employee who states, "I received a telephone call from a Delta employee after Bob Jacobs had been suspended and was told the suspension was due to sexual harassment allegations." Appellant's App. at 520. There are at least two reasons why plaintiff's claim of defamation based on this statement fails. First, the tort of defamation is subject to the affirmative defense of truth. See Tatum , 809 F. Supp. at 1471; Okla. Stat. Ann. tit. 12, § 1444.1 (West 1993). The unknown Delta employee does not accuse Jacobs of sexual harassment, he or she merely states that allegations of sexual harassment had resulted in his suspension. Jacobs nowhere disputes that this was not the case. To the contrary, the statement he prepared following his suspension in response to the allegations against him contained the subject line "Sexual Harassment Claims." Appellant's App. at 500. Moreover, there is no indication that the Delta employee was speaking on behalf of the company. Thus, although we agree that principles of respondeat superior liability may be applied to hold a defendant liable for the actions of its employees "so long as [the] harm is inflicted while the agent or servant is on duty, on the job, or fulfilling an employment-related mission; and the complained of act is incident to or activated by such service to the master or principal," Starr v. Pearle

Vision, Inc._, 54 F.3d 1548, 1556 (10th Cir. 1995) (quoting _Dill v. Rader_, 533 P.2d 650, 656 (Okla. Ct. App. 1975)), Jacobs has presented no evidence that such liability is appropriate here.

## IV

Jacobs contends that the district court erred in granting summary judgment in favor of Delta on his claim of intentional infliction of emotional distress. To prevail on this claim under Oklahoma law, Jacobs must establish four elements: "(1) the tortfeasor acted intentionally or recklessly; (2) the tortfeasor's conduct was extreme and outrageous; (3) the plaintiff actually experienced emotional distress; and (4) the emotional distress was severe." _Starr_, 54 F.3d at 1558. To be actionable, the defendant's conduct must be "beyond all possible bounds of decency" or "utterly intolerable in a civilized community." _Eddy v. Brown_, 715 P.2d 74, 77 (Okla. 1986). Accepting all plaintiff's allegations as true, Delta's actions simply do not satisfy this strict standard. _Cf._ _Daemi v. Church's Fried Chicken, Inc._, 931 F.2d 1379, 1388 & n.8 (10th Cir. 1991) (upholding district court's rejection of claim based on employer allegedly "impugning [plaintiff's] integrity by accusing him of criminal acts").

**V**

For the foreging reasons, we **AFFIRM** the judgment of the district court.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge