**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 23, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

VICKIE SETZER,

       Plaintiff-Appellant,

v.

FARMERS INSURANCE COMPANY,
INC.,

       Defendant-Appellee.

No. 04-5100
(D.C. No. 04-CV-95-K)
(Northern District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **MURPHY**, Circuit Judge.

On October 5, 2000, Vickie Setzer (the plaintiff), a resident of Oklahoma, filed a petition in the district court in and for Tulsa County, State of Oklahoma, against one Carolee Schimpf, (the defendant), also a resident of Oklahoma, alleging that on October 17, 1998, the defendant negligently drove her vehicle into the vehicle the plaintiff was driving, and that as a result thereof the plaintiff received personal injuries for which she sought damages "well in excess of $10,000." More specifically, plaintiff sought damages against the defendant "regarding physical injuries, medical expenses, pain and suffering

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

(past, present and future), mental suffering (past, present, and future), loss of certain physical abilities, loss of wages, loss of enjoyment of life and any temporary and permanent disability resulting therefrom." On June 4, 2002, plaintiff filed an amended petition in the same court adding her husband, Fred Setzer, as a party plaintiff. In the amended petition the plaintiff realleged her claim for damages against the defendant for the personal injuries she received in the accident, and her husband, Fred Setzer, asserted a claim against the defendant for loss of consortium. (Plaintiff and her husband, Fred Setzer, will be hereinafter referred to collectively as the plaintiffs, or by name.) In the amended petition, Vickie Setzer also asserted a claim against the defendant for "Intentional Infliction of Emotional Distress," and an additional claim based on "Invasion of Privacy/Intrusion of Seclusion" wherein she sought additional damages "well in excess of $10,000.00." Those two claims were based on the acts of the "defendant and her agent(s)," and were based on Oklahoma law.

On November 4, 2003, the plaintiffs filed a second amended petition adding Farmers Insurance Company, Inc. (Farmers), a Kansas corporation, as a party defendant. The defendant had a policy of automobile insurance with Farmers and was represented in the present action by attorneys provided by Farmers. In the second amended petition, Vickie Setzer reasserted her claim for damages against the defendant for personal injuries and Fred Setzer reasserted his claim against the defendant for loss of consortium, and Vickie Setzer sought damages from the defendant and Farmers, "jointly or severally," based on her claims of "Intentional Infliction of Emotional Distress" and "Invasion of

Privacy/Intrusion of Seclusion" by the "defendants and their agents."

On January 23, 2004, Vickie Setzer filed a dismissal with prejudice of her claims for intentional infliction of emotional distress and invasion of privacy against the defendant Schimpf, expressly reserving, however, those claims against Farmers. On February 2, 2004, the plaintiffs filed a dismissal with prejudice of all of their other claims against the defendant Schimpf, thereby leaving Vickie Setzer and Farmers, citizens of a different state, as the remaining parties to the state court proceeding.

On February 9, 2004, Farmers removed the state court proceeding between Vickie Setzer and Farmers to the United States District Court for the Northern District of Oklahoma based on diversity and the amount in controversy. 28 U.S.C. § 1446. On February 17, 2004, Vickie Setzer filed a motion to remand the removed proceedings back to the district court in and for Tulsa County, State of Oklahoma, on the sole ground that it had not been established that the amount in controversy between plaintiff and Farmers exceeded $75,000.00, so as to confer jurisdiction in the federal district court. 28 U.S.C. § 1332(a). On April 12, 2004, the federal district court denied Vickie Setzer's motion for remand, finding that Farmers had "set forth the underlying facts supporting its assertion that the amount in controversy meets the jurisdictional requirements . . . to the satisfaction of the Court."

On April 20, 2004, Farmers filed a motion to dismiss Vickie Setzer's petition, along with a supporting brief, asserting that the allegations in the amended petition, even if accepted as true, did not give rise to the claims asserted against Farmers by Vickie

Setzer. Farmers did not attach any evidentiary matter to its motion to dismiss, and relied solely on plaintiff's allegations in her amended petition. On May 4, 2004, Vickie Setzer filed a response in opposition to Farmers' motion to dismiss, attaching thereto 77 pages of evidentiary material purporting to support her claims against Farmers. Included in the evidentiary materials submitted by Vickie Setzer were a deposition of one Rhonda DuVall, a legal assistant at Farmers, several record requests of Farmers to Vickie Setzer's doctors requesting her "complete medical records," and attaching to its several requests a copy of the "Restricted- Limited Medical Authorization" theretofore provided Farmers by the plaintiff.

By its order of June 24, 2004, the federal district court granted Farmers' motion to dismiss, which, based on Vickie Setzer's response to Farmers' motion to dismiss and the evidentiary matter attached thereto, the district court treated as a motion for summary judgment. Fed.R.Civ.P. 12(b)(6). In so doing, the federal district court concluded that the alleged misconduct by Farmers "is not outrageous in the context of case investigation and defense of an insurance claim for bodily injury damages" and that Farmers' alleged actions did not rise to the "'highly offensive' level required by the tort of intrusion upon seclusion." Vickie Setzer appeals that order.

I

Vickie Setzer on appeal argues that the district court erred in denying her motion to remand on the ground that Farmers had failed to file a motion to remove the case

- 4 -

within one year after the commencement of the action on October 5, 2000 as required by 28 U.S.C.§ 1446(b). We disagree.

As indicated, on January 23, 2004, Vickie Setzer dismissed with prejudice her claim against the defendant Schimpf for intentional infliction of emotional distress and invasion of privacy/intrusion of seclusion, expressly reserving, however, those claims against Farmers. On February 2, 2004, the plaintiffs dismissed all of their remaining claims against the defendant Schimpf, thereby leaving Vickie Setzer and Farmers, citizens of different states, as the remaining parties to the state court proceeding.

On February 9, 2004, Farmers removed the state court proceeding between Vickie Setzer and Farmers to the United States District Court for the Northern District of Oklahoma, pursuant to 28 U.S.C. § 1446. On February 17, 2004, Vickie Setzer filed a motion to remand the removed proceedings back to the state district court in and for Tulsa County, State of Oklahoma on the sole ground that Farmers had not shown that the amount in controversy between Vickie Setzer and Farmers exceeded $75,000, so as to confer jurisdiction in the federal district court. On April 12, 2004, the federal district court denied Vickie Setzer's motion to remand, holding that Farmers had set forth the underlying facts supporting its assertion that the amount in controversy meets the jurisdictional requirement of $75,000.

In this general regard 28 U.S.C. § 1446(b) reads as follows:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading

setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action. (Emphasis added.)

By way of general background, when a plaintiff files in state court a civil action where, because of diversity of citizenship and the amount in controversy, a federal district court would have original jurisdiction under 28 U.S.C.§1332, the defendant may remove the action to federal district court. A plaintiff objecting to the removal may thereafter file a motion asking the federal district court to remand the case to state court. Further, if the federal district court denies a plaintiff's motion to remand we have jurisdiction to review the federal district court's denial of the plaintiff's motion to remand "when coupled with the appeal of a final judgment." Our review of a federal district court's denial of a motion to remand is *de novo. Huffman v. Saul Holdings Limited Partnership,* 194 F.3d 1072, 1076 (10th Cir. 1999). In *Huffman* we spoke, at page 1076, as follows:

At the outset, we note that there are two types of improperly removed cases: those in which the federal court has no subject matter jurisdiction and those with defects in the removal procedure itself. A defect in subject matter jurisdiction can never be waived and may be raised at any

time.   A procedural defect, however, does not involve the subject matter jurisdiction of the court and may be waived. (Citations omitted)(emphasis added).

We reject counsel's suggestion that we are here concerned with a "jurisdictional defect." Diversity of citizenship is not an issue in this case, nor is the amount in controversy now an issue. The issue sought to be raised on appeal, i.e., whether the motion of removal was filed within one year after the initial pleading in the state court proceeding, was not raised in the federal district court, and, under *Huffman* is therefore deemed to have been waived.

II

Vickie Setzer's second argument in this Court is that the district court erred in treating Farmer's motion to dismiss under 12(b)(6) as a motion for summary judgment without giving notice to the parties as required by Fed.R.Civ.P. 56. Under the circumstances of this case, we find no error.

Farmers' 12(b)(6) motion was a motion to dismiss on the basis of the material contained in the complaint itself. It was Vickie Setzer, who in her response to Farmer's motion, included evidentiary matter outside the pleadings and asked the court to consider such in its resolution of the motion to dismiss.[1] Such being the case, the district court, in accord with Vickie Setzer's request, considered the evidentiary matter which she had

---

[1]Farmers objected to the district court's considering the evidentiary matter attached to its response to Farmer's motion to dismiss, and its objection was overruled.

tendered the court and then entered summary judgment in favor of Farmers. This case clearly comes within our pronouncement in *Building & Const. Dept. v. Rockwell International,* 7 F.3d 1487, 1496 (10th Cir. 1993). In that case, we spoke as follows:

> Plaintiffs' contention that the district court committed reversible error in this case, however, fails on two grounds. First, under our cases, plaintiffs did have adequate notice under Rule 56(c). Plaintiffs were the first parties to point out to the district court that defendants' 12(b)(6) motion was in fact a motion for summary judgment. Further, plaintiffs submitted, and in fact were first to submit, materials outside of the pleadings to the court. As a result, plaintiffs have no legitimate claim that they lacked notice.

In treating the motion to dismiss as a motion for summary judgment, the district court did not err.


III

As thus indicated, the federal district court treated Farmer's motion to dismiss plaintiff's amended petition as a motion for summary judgment and, based on the record before it, granted that motion and entered summary judgment for Farmers. Vickie Setzer contends in this appeal that the district court erred in so doing.

In her amended petition, Vickie Setzer alleged two claims for relief against Farmers: (1) Intentional Infliction of Emotional Distress and (2) Invasion of Privacy/Intrusion of Seclusion, both of which are recognized torts under Oklahoma state law. *Eddy v. Brown,* 715 P.2d 74 (Okla. 1986). In the amended petition, Vickie Setzer alleged basically the same factual material in each of her two claims. We summarize

- 8 -

these allegations as follows: Farmers sought and obtained from the plaintiff's healthcare providers confidential, privileged medical records, including gynecological records, unrelated to her injuries received in the automobile accident, without valid medical authorization through the use of demand, coercion, or trickery and thereafter used them in an outrageous manner thus embarrassing, humiliating and causing damage to the plaintiff.

More specifically, it would appear from the evidentiary matter which Vickie Setzer attached to her response to Farmers' 12(b)(6) motion that, during discovery, Farmers, as Schimpf's agent, requested a general and unlimited medical authorization from Vickie Setzer to check any and all of her prior medical records. This Vickie Setzer declined to give, and instead sent Farmers a copy of a limited authorization that she had sent to her medical providers, stating, *inter alia,* that "this authorization <u>is limited in time, scope and subject matter</u>. Beware of the restrictions to protect yourself from potential liability." This authorization went on to state that "the specific records you may release on Vickie Setzer are only: dated December 1991, to present, and relate to low back, legs, and feet; nothing else which you may have that relates to me."

Based thereon, Farmers sent a form letter to Vickie Setzer's medical providers, which letter in its opening paragraph referenced Vickie Setzer's medical authorization, and attached thereto a copy of such limited authorization. The second paragraph of that form letter, which Vickie Setzer now complains about, read as follows:

> Please forward to our office the complete medical records (every page) including office notes, handwritten notes, initial intake questionnaire, laboratory test results, medical reports,

and correspondence received from or rendered to other persons, progress or office notes, x-ray reports, consulting reports, medical liens, all medical bills and all other information, including doctor's notes and reports contained in the patient's chart or file. Please understand that this request is for copies of existing records only, and no request is being made at this time for a new narrative report. (Emphasis in original.)

The gravamen of Vickie Setzer's complaint against Farmers is that, based on the request sent by Farmers to Vickie Setzer's medical providers, the medical providers sent Farmers medical records which included, *inter alia,* gynecological records containing matters even her husband didn't know "anything about" and were outside and beyond her limited authorization which only authorized the release of such medical records as were made after 1991 and pertained to treatment of her lower back, legs and feet.

It was in this general setting that the district court granted summary judgment in favor of Farmers, which plaintiff challenges in this appeal. As mentioned, Oklahoma recognizes the tort of Intentional Infliction of Emotional Distress and Invasion of Privacy/Intrusion of Seclusion. *Eddy v. Brown,* 715 P.2d 74, (Okla. 1986). In that case, the Oklahoma Supreme Court characterized Intentional Infliction of emotional distress as a "torts of outrage" and that in order to qualify as such the acts complained of must be so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and be regarded as atrocious and utterly intolerable in a civilized community. Further, the Oklahoma Supreme Court in *Eddy* also stated that it is a trial court's responsibility to determine in the first instance whether a defendant's conduct in a given

case is sufficiently extreme and outrageous as to require submission of the case to a jury, and that it is only when reasonable persons could differ on this issue that the case should be submitted to the jury.  Finally, in that same case, the court observed the "outrageous and extreme nature of the conduct to be examined should not be considered in a sterile setting, detached from the milieu in which it took place." Id. at 77.

In this same general regard, the Oklahoma Supreme Court in *Breeden v. League Services Corp.,* 575 P.2d 1374,1376 (Okla. 1978), spoke as follows:

> The general state of the law is succinctly summarized  at Section 46, Restatement of Torts (Second), 1965, which provides in part:
>> § 46.  Outrageous Conduct Causing Emotional Distress
>> "(1) One who by *extreme and outrageous conduct intentionally* or recklessly causes *severe emotional distress* to another is subject to liability for such emotional distress, and*,* if bodily harm to the other results from it, for such bodily harm."
>
> Comment d to that Section provides in part:
>  "*   *   * Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.  <u>Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'</u>  (Emphasis added.)

In treating Farmers' motion to dismiss as a motion for summary judgment and then entering summary judgment in favor of Farmers, the district court noted, preliminarily, that Vickie Setzer, being the non-moving party, and who thus will bear the burden of proof at trial, must go beyond the pleadings and identify "specific facts

showing that there is a genuine issue for trial." *Mares v. ConAgra Poultry Co. Inc.*, 971 F.2d 492, 496 (10th Cir. 1992). This, Vickie Setzer attempted to do when she filed a response to Farmers' motion to dismiss and attached thereto 77 pages of evidentiary matter, which the district court considered before entering summary judgment for Farmers. In so doing, the district court also noted that in order for Vickie Setzer to successfully resist Farmers' motion she must show that Farmers' acts were "'beyond all possible bounds of decency' in the setting in which it occurred." *Eddy,* 715 P.2d at 77. In this connection, the district court in the instant case in its order granting summary judgment observed that the defendant, "in executing its duty to investigate Plaintiff's medical claim, Defendant for whatever reasons and by whatever means, obtained records beyond Plaintiff's authorization. This conduct, though sloppy or even intimidating, is not outrageous in the context of an investigation and defense of an insurance claim for bodily injury damages." As concerns the ultimate issue to be resolved, the district court in the instant case concluded that on the showing made, Farmers' conduct did not rise to the extremely high standard required under Oklahoma law. In short, it was simply not "outrageous." We are in accord with the district court's understanding of Oklahoma law on this matter. We should also note that Vickie Setzer does not claim that there are "disputed facts" which would require submission of the controversy to a jury. Rather, her position is that the undisputed facts set forth in her response to Farmers' motion to dismiss are sufficient, under Oklahoma law, to require submission of the case to a jury. In this connection, in *Miller*

- 12 -

*v. Miller*, 956 P.2d 887, 901, (Okla. 1998) the Oklahoma Supreme Court spoke as follows:

> It is the trial court's responsibility initially to act as gatekeeper: to determine whether the defendant's conduct may reasonably be regarded as sufficiently extreme and outrageous to meet the §46 [of the Restatement of Torts (Second) (1977)] standards. Only when it is found that reasonable people would differ in an assessment of this central issue may the tort of intentional infliction of emotional distress be submitted to the jury.

In connection with Vickie Setzer's separate claim of "Intrusion Upon Seclusion" the district court concluded that Farmers' conduct was not "highly offensive to a reasonable person" *citing Munley v. ISC Financial House Inc.*, 584 P.2d 1336, 1339-40 (Okla. 1978). We agree.

Judgment affirmed.

ENTERED FOR THE COURT

Robert H. McWilliams
Senior Circuit Judge