OSCN Found Document:IN RE AMENDMENTS TO THE OKLAHOMA UNIFORM JURY INSTRUCTIONS

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 IN RE AMENDMENTS TO THE OKLAHOMA UNIFORM JURY INSTRUCTIONS
2014 OK 100
Decided: 11/24/2014
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2014 OK 100, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

IN RE: AMENDMENTS TO THE OKLAHOMA UNIFORM JURY INSTRUCTIONS - CIVIL

ORDER ADOPTING SUPPLEMENTAL 
OKLAHOMA UNIFORM JURY INSTRUCTIONS - CIVIL 

¶1 The Court has reviewed the recommendations of the Oklahoma Supreme Court Committee for Uniform Civil Jury Instructions to adopt several new proposed jury instructions. The Court finds that the instructions should be adopted as modified by the Court.

¶2 It is therefore ordered, adjudged and decreed that the revisions to the Instructions shall be available for access via internet from the Court website at www.oscn.net and provided to West Publishing Company for publication. The Administrative Office of the Courts is requested to notify the judges of the District Courts of the supplemental instructions set forth herein. Further, the District Courts of the State of Oklahoma are directed to implement these supplemental instructions effective thirty (30) days from the date of this Order.

¶ 3 It is therefore ordered, adjudged and decreed that the adoption of proposed new Instructions, as set out and attached to this Order, are hereby adopted: Instruction Nos. 1, 28.11, 28.12, 28.13, 28.14, 28.15, 28.16, 30.1, 30.2, 30.3, 30.4.

¶ 4 The Court also accepts and authorizes the updated Committee's comments, as modified by the Court, to be published, together with the above-referenced revisions and each amended page in the revisions to be noted at the bottom thereof as follows (Nov. 2014 Supp.).

¶ 5 As it did so previously, the Court today declines to relinquish its constitutional or statutory authority to review the legal correctness of these authorized Instructions when it is called upon to afford corrective relief in any adjudicative context.

¶ 6 These amended Instructions shall be effective thirty (30) days from the date this Order is filed with the Clerk of this Court.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THE 24th DAY OF NOVEMBER, 2014.

/S/CHIEF JUSTICE

ALL JUSTICES CONCUR

 

 

Instruction No. 1.0

Use of Electronic Devices and Research Prohibited

At this time, turn off all cell phones and other electronic devices. Do not use any electronic devices while court is in session in this case.

Do not use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, or Twitter, or any other way to find out any information about this case or the parties or attorneys.

It is very important that you abide by these instructions because it is essential that you keep your minds free and open at all times throughout this trial and that you not be influenced by anything except the evidence you hear and see in the courtroom. Failure to follow these instructions could result in the case having to be retried, and you will be in violation of your oath and the court's order, which may result in your being fined, put in jail, or both.

Notes on Use

This Instruction should be given as soon as the case is called in the presence of the jury. The trial judge may also distribute hard copies of this Instruction to the jurors.

 

CHAPTER TWENTY EIGHT

Defamation and Invasion of Privacy

List Of Contents

Instruction No. 28.1 Defamation - Introductory Instruction

Instruction No. 28.2 Defamation - Elements (Public Figure Plaintiff)

Instruction No. 28.3 Defamation - Elements (Private Figure Plaintiff)

Instruction No. 28.4 Defamation - Affirmative Defense of Fair Comment

Instruction No. 28.5 Defamation - Affirmative Defense of Fair Reporting

Instruction No. 28.6 Defamation - Affirmative Defense of Good Faith

Instruction No. 28.7 Defamation - Affirmative Defense for Statement Made by Another Person

Instruction No. 28.8 Defamation - Affirmative Defense of Qualified Privilege

Instruction No. 28.9 Defamation -Measure of Damages

Instruction No. 28.11 Invasion of Privacy - Introductory Instruction

Instruction No. 28.12 Invasion of Privacy - Elements (Intrusion Upon Seclusion)

Instruction No. 28.13 Invasion of Privacy - Elements (Appropriation of Right of Publicity)

Instruction No. 28.14 Invasion of Privacy - Elements (Publication of Private Facts)

Instruction No. 28.15 Invasion of Privacy - Elements (False Light)

Instruction No. 28.16 Invasion of Privacy - Measure of Damages

 

Instruction 28.11 

Invasion of Privacy - Introductory Instruction

This is an action to recover damages for invasion of privacy. [Plaintiff] claims that [specify the facts that the plaintiff alleges constituted the invasion of privacy: e.g., [Defendant] unreasonably placed [Plaintiff] in a false light before the public]].

Notes on Use

This instruction should be used to introduce the remaining instructions on invasion of privacy in this Chapter.

Comments

In McCormack v Oklahoma Pub. Co., 1980 OK 98, ¶ 8, 613 P.2d 737, 740, the Oklahoma Supreme Court recognized the tort of invasion of privacy in the four categories set out in Restatement (Second) of Torts § 652A (1977).

Restatement (Second) of Torts § 652A (1977) provides:

(1) One who invades the right of privacy of another is subject to liability for the resulting harm to the interests of the other.
(2) The right of privacy is invaded by
(a) unreasonable intrusion upon the seclusion of another, as stated in § 652B; or
(b) appropriation of the other's name or likeness, as stated in § 652C; or
(c) unreasonable publicity given to the other's private life, as stated in § 652D; or
(d) publicity that unreasonably places the other in a false light before the public, as stated in § 652E.

Both absolute and conditional privileges from the law of defamation may apply to claims for invasion of privacy that involve publication.

Restatement (Second) of Torts § 652F (1977) provides:

The rules on absolute privileges to publish defamatory matter stated in §§ 583 to 592A apply to the publication of any matter that is an invasion of privacy.

Restatement (Second) of Torts § 652G (1977) provides:

The rules on conditional privileges to publish defamatory matter stated in §§ 594 to 598A, and on the special privileges stated in §§ 611 and 612, apply to the publication of any matter that is an invasion of privacy.

 

Instruction 28.12

Invasion of Privacy - Elements (Intrusion Upon Seclusion)

In order to recover for invasion of privacy, [Plaintiff] has the burden of proving the following elements by the greater weight of the evidence:

1. [Defendant] intentionally intruded upon the privacy/(private affairs)/ (private concerns) of [Plaintiff];

2. Without the consent of [Plaintiff]; and

3. The intrusion was highly offensive to a reasonable person.

Comments

The Oklahoma Supreme Court stated in Gilmore v. Enogex, Inc., 1994 OK 76, ¶ 16, 878 P.2d 360, 366:

Oklahoma recognizes the common-law tort of invasion of privacy by intrusion upon one's seclusion. In order to prevail on this claim, Gilmore had to prove the two elements of that tort: (a) a nonconsensual intrusion (b) which was highly offensive to a reasonable person.

 

Instruction 28.13

Invasion of Privacy - Elements (Appropriation of Right of Publicity)

In order to recover for invasion of privacy, [Plaintiff] has the burden of proving the following elements by the greater weight of the evidence:

1. [Defendant] knowingly used the name/voice/signature/photograph/ likeness;

2. On/In products/merchandise/goods;

3. Without the consent of [Plaintiff].

Comments

The right of publicity is protected both by the tort of invasion of privacy recognized in McCormack v Oklahoma Pub. Co., 1980 OK 98, ¶ 3, 613 P.2d 737, 739, and 12 O.S. 2011, § 1449(A), which provides:

Any person who knowingly uses another's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods, or services, without such person's prior consent, or, in the case of a minor, the prior consent of his parent or legal guardian, shall be liable for any damages sustained by the person or persons injured as a result thereof, and any profits from the unauthorized use that are attributable to the use shall be taken into account in computing the actual damages. In establishing such profits, the injured party or parties are required to present proof only of the gross revenue attributable to such use, and the person who violated this section is required to prove his or her deductible expenses. Punitive damages may also be awarded to the injured party or parties. The prevailing party in any action under this section shall also be entitled to attorney's fees and costs.

The Oklahoma Court of Civil Appeals summarized the elements of a statutory right of publicity claim in Brill v. the Walt Disney Co., 2010 OK CIV APP 132, ¶ 10, 246 P.3d 1099, 1103-04 (footnote omitted), as follows:

In order to establish a prima facie case of statutory violation of the right of publicity, a plaintiff must plead facts establishing the three elements of the claim: (1) Defendants knowingly used Brill's name or likeness, (2) on products, merchandise or goods, (3) without Brill's prior consent. Just as under the Restatement, the statute only concerns the use of another person's name, voice, signature, photograph or likeness, not the name, photograph or likeness of another person's car.

 

Instruction 28.14

Invasion of Privacy - Elements (Publication of Private Facts)

In order to recover for invasion of privacy, [Plaintiff] has the burden of proving the following elements by the greater weight of the evidence:

1. [Defendant] made a public statement/disclosure/announcement/ declaration;

2. Of private facts;

3. That were highly offensive to a reasonable person; and

4. Were not of legitimate concern to the public.

Comments

Restatement (Second) of Torts § 652D (1977) provides:

One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that

(a) would be highly offensive to a reasonable person, and
(b) is not of legitimate concern to the public.

The Oklahoma Supreme Court specified the elements of a claim for invasion of privacy by publication of private facts in Guinn v. Church of Christ of Collinsville, 1989 OK 8, ¶ 41, 775 P.2d 766, 781, as follows:

In order to prevail on her claim for invasion of privacy by publication of private facts, Parishioner had to prove the four elements of that tort. She had the burden of showing that the Elders' statements (1) were highly offensive to a reasonable person, (2) contained private facts about Parishioner's life, (3) were a public disclosure of private facts and (4) were not of legitimate concern to the Church of Christ congregation.

Similarly, the Oklahoma Supreme Court set out the elements in Eddy v. Brown, 1986 OK 3, ¶ 11, 715 P.2d 74, 77, as follows: "Unreasonable publicity of the private life of another is a tort with three constituent elements: [1] publicity [2] which is unreasonable and [3] is given as private fact."

 

Instruction 28.15

Invasion of Privacy - Elements (False Light)

In order to recover for invasion of privacy, [Plaintiff] has the burden of proving the following elements by the greater weight of the evidence:

1. [Defendant] made a public [statement/disclosure/announcement/ declaration] about [Plaintiff];

2. That placed [Plaintiff] in a false light before the public;

3. The false light was highly offensive to a reasonable person; and

4. [Defendant] either knew the public [statement/disclosure/ announcement/declaration] was false and would place [Plaintiff] in a false light, or [Defendant] had serious doubt as to whether the public [statement/disclosure/announcement/declaration] was true or false and would place [Plaintiff] in a false light.

Comments

Restatement (Second) of Torts § 652E (1977) provides:

One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if

(a) the false light in which the other was placed would be highly offensive to a reasonable person, and

(b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

In Colbert v. World Pub. Co., 1987 OK 116, ¶ 15, 747 P.2d 286, 292, the Oklahoma Supreme Court decided that a standard of knowing or reckless conduct was required for false light invasion of privacy.

Instruction 28.16

Invasion of Privacy - Measure of Damages

If you decide for Plaintiff [name], you must then fix the amount of his/her damages. This is the amount of money that will reasonably and fairly compensate him/her for the injury sustained as a result of the invasion of privacy by Defendant [name].

In fixing the amount you will award him/her you may consider the following elements:

1. Financial losses, such as loss of earnings/profits;

2. The harm caused by the intrusion to privacy;

3. Personal humiliation; and

4. Mental anguish and suffering.

OR

1. Financial losses, such as loss of earnings/profits; and

2. The value of the loss of the exclusive use of the name/voice/signature/photograph/likeness of Plaintiff, [name]);

OR

1. Financial losses, such as loss of earnings/profits;

2. Injury to standing and reputation in the community;

3. Personal humiliation; and

4. Mental anguish and suffering.

Note on Use

The court should select the appropriate measure for damages based upon the nature of the invasion of privacy. The first alternative should be used for intrusion upon solitude along with Instruction 28.12, supra. The second alternative should be used for appropriation of a right of publicity claim along with Instruction 28.13, supra. The third alternative should be used for publication of private facts or a false light claim along with Instruction 28.14 or 28.15, supra.

Committee Comments

Restatement (Second) of Torts § 652H (1977) provides:

One who has established a cause of action for invasion of his privacy is entitled to recover damages for

(a) the harm to his interest in privacy resulting from the invasion;

(b) his mental distress proved to have been suffered if it is of a kind that normally results from such an invasion; and

(c) special damage of which the invasion is a legal cause.

Comment a to § 652H states:

A cause of action for invasion of privacy, in any of its four forms, entitles the plaintiff to recover damages for the harm to the particular element of his privacy that is invaded. Thus one who suffers an intrusion upon his solitude or seclusion, under § 652B, may recover damages for the deprivation of his seclusion. One whose name, likeness or identity is appropriated to the use of another, under § 652C, may recover for the loss of the exclusive use of the value so appropriated. One to whose private life publicity is given, under § 652D, may recover for the harm resulting to his reputation from the publicity. One who is publicly placed in a false light, under § 652E, may recover damages for the harm to his reputation from the position in which he is placed.

Accordingly, the damages instruction in Instruction 28.16 should be tailored to fit the appropriate type of invasion of privacy.

 

CHAPTER THIRTY

Residential Real Property Condition Disclosure Act

List Of Contents

Instruction No. 30.1 Residential Real Property - Introduction

Instruction No. 30.2 Residential Real Property - Definition of Defect

Instruction No. 30.3 Residential Real Property - Elements

Instruction No. 30.4 Residential Real Property- Measure of Damages

 

Instruction No. 30.1

Residential Real Property --- Introduction

Before making the contract for the sale of residential real estate in this case, the seller was required to deliver to the buyer a property condition disclosure statement as to whether the seller had actual knowledge of defects or information in relation to [specify nature of property defects the Plaintiff alleges were not identified].

Committee Comments

Under 60 O.S. 2011, § 833, a seller (as defined in id., § 832(2)) of residential real estate is required to deliver to a purchaser either a written property disclaimer statement or written property disclosure statement of whether the seller has actual knowledge of defects or information in relating to the real estate as well as various notices. The property disclaimer statement or property disclosure is required before acceptance of an offer to purchase the property. Id. § 834.

Instruction No. 30.2

Residential Real Property --- Definition of Defect

A "defect" is a condition, malfunction or problem that would have a materially adverse effect on the monetary value of the property, or that would impair the health or safety of future occupants of the property.

Committee Comments

See 60 O.S. 2011 § 832(9). A disclosure of a property's square footage is not required under the Residential Property Condition Disclosure Act, because it is not a "defect" as defined in § 832(9). Lopez v. Rollins, 2013 OK CIV APP 43, ¶ 11, 303 P.3d 911, 916.

 

Instruction No. 30.3

Residential Real Property -- Elements

Plaintiff [name] claims that Defendant [name] has failed to disclose a defect or defects in the residence that was actually known to Defendant [name] before the acceptance of the offer of Plaintiff [name] to purchase the residence. In order to recover on the claim for failure to disclose a defect or defects in the residence, Plaintiff [name] has the burden of proving the following elements by the greater weight of the evidence:

1. A material defect or defects existed in the residence;

2. Defendant [name] failed to disclose the defect or defects in the residence to Plaintiff [name] in a written disclosure statement [or an amended disclosure statement];

3. Defendant [name] had actual knowledge of the defect or defects before the acceptance of the offer to purchase the residence; and

4. Plaintiff [name] suffered damages.

 

Instruction No. 30.4

Residential Real Property -- Measure of Damages

A seller who fails to disclose a defect or defects in a property disclosure statement is liable for damages to the purchaser. If you decide that Defendant [name] failed to disclose a defect or defects in a property disclosure statement, you must then fix the amount of damages that Plaintiff [name] may recover. This is the amount of money that will reasonably and fairly compensate [him/her] for the actual damages sustained as a result of the defect or defects, including the cost of repairing the defect or defects.

Committee Comments

Under 60 O.S. 2011 § 837(B), the exclusive remedy for failure to disclose a defect in a property disclosure statement is the "actual damages, including the cost of repairing the defect, suffered by the purchaser as a result of a defect existing in the property as of the date of acceptance by the seller of an offer to purchase." White v. Lim, 2009 OK 79, ¶ 17, 224 P.3d 679, 685 ("Instructed by the Legislature's declared intent, we hold that the mandatory, clear, and unmistakable language of 60 O.S. Supp. 2003 §837 limits the right of a purchaser to recover for failure to disclose known defects in residential property to those provided in the Disclosure Act.").





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Jury Instructions- Civil
 Cite
Name
Level

 USE OF ELECTRONIC DEVICES AND RESEARCH PROHIBITED
Cited
 INVASION OF PRIVACY - ELEMENTS (FALSE LIGHT)
Cited
 INVASION OF PRIVACY - ELEMENTS (INTRUSION UPON SECLUSION)
Cited
 INVASION OF PRIVACY - ELEMENTS (APPROPRIATION OF RIGHT OF PUBLICITY)
Cited
 INVASION OF PRIVACY - ELEMENTS (PUBLICATION OF PRIVATE FACTS)
Cited
 INVASION OF PRIVACY - MEASURE OF DAMAGES
Cited
 INVASION OF PRIVACY - INTRODUCTORY INSTRUCTION
Cited
 RESIDENTIAL REAL PROPERTY - INTRODUCTION
Cited
 RESIDENTIAL REAL PROPERTY - DEFINITION OF DEFECT
Cited
 RESIDENTIAL REAL PROPERTY - ELEMENTS
Cited
 RESIDENTIAL REAL PROPERTY - MEASURE OF DAMAGES
Cited


 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 None Found.